## UNITED STATES v. EISENBERG.
### No. 9081.

District Court, E. D. Pennsylvania.

July 6, 1942.

Gerald A. Gleeson, U. S. Atty., of Philadelphia, Pa., for plaintiff.

Levi, Mandel & Miller and B. D. Oliensis, all of Philadelphia, Pa., for defendant.

KIRKPATRICK, District Judge.

The offense charged is knowingly etc. concealing property belonging to the defendants' bankrupt estate. The indictment alleges that the defendants had filed a voluntary petition under Sec. 74 of the Bankruptcy Act, 11 U.S.C.A. § 202, which had been approved by the Court and a receiver and trustee appointed. It is not alleged that they have ever been adjudicated. The offense charged took place prior to the effective date of the Chandler Act, 11 U.S.C.A. § 1 et seq., and that statute does not apply.

The question raised by this motion to quash is whether Sec. 29 of the Bankruptcy Act of 1898, 11 U.S.C.A. § 52, applies to a case where the defendants have filed a voluntary petition under Sec. 74 which was enacted as an amendment, in 1933.

Although Sec. 74 refers to the procedure established by it as "proceedings for the relief of debtors", carefully avoids calling anyone availing himself of its provisions a bankrupt, and, under certain circumstances, attains its objectives without a technical adjudication, it is bankruptcy legislation. Congress has no power to enact any law for the relief of debtors or to

regulate debtor-creditor relationship except under the Bankruptcy Clause of the Constitution, Art. 1, § 8, cl. 4, and Sec. 74 has been declared to be a bankruptcy law and its constitutionality upheld upon that ground. See In re Landquist, 7 Cir., 70 F.2d 929. The argument that these debtors, who have applied to the Bankruptcy Court for the benefits of a bankruptcy statute are not bankrupts and that, consequently, there is no bankrupt estate from which property could be concealed, is untenable. Although just what constitutes a "bankrupt" has not been precisely defined and the boundaries of the concept have necessarily altered as the bankruptcy law has been amended from time to time, the fundamentals have not changed and even the narrowest and most technical definition cannot possibly whittle it down to limits which would exclude one who on his own petition has become by judicial act subject to have his estate administered under a bankruptcy law for the benefit of himself and his creditors.

The question thus becomes whether Sec. 74 created a new class or kind of bankrupt so that, if the penalties of Sec. 29 were held to cover bankrupts proceeding under it, they would be extended to cases not within the clear and obvious import of that penal provision.

I think that the answer must be no, both by definition and by any reasonable application of the rules of statutory construction.

The offense punished can be committed only in respect of the estate of a bankrupt. Sec. 1 of the Act of 1898, 11 U.S.C.A. § 1 defines a bankrupt to "include a person * * * who has filed a voluntary petition," and a petition is defined as "a paper filed in a court of bankruptcy * * * by a debtor praying for the benefits of this title." The rule that penal statutes must be construed strictly would be carried beyond all reasonable limits if it were held that "the benefits of this title" meant only benefits under the act precisely as it then

stood. To so hold would mean that every subsequent amendment of any Act would make it necessary to re-enact Sec. 29 in order to save that section from nullification. For example, suppose that the old composition provision of Sec. 12, 11 U.S.C.A. § 30, had been amended so that the composition might be accepted by a majority in amount but not necessarily in number of the creditors. It would then follow from the defendants' argument, that the "benefits of this title" had been so changed that the penal section was no longer applicable to concealments.

The fact is that the benefits which these bankrupts are asking under Sec. 74 are fundamentally no different from those accorded by the general objectives of bankruptcy legislation, as embodied in the Act of 1898. They are the pro rata distribution of the bankrupt's property among his creditors under the supervision of a Court of Bankruptcy and his discharge from liability for his existing debts. Sec. 74 is an amendment definitely beneficial to the embarrassed debtor, and, although I do not think that that is a matter of any importance, one might be more reluctant to hold the penal clause of the original law so fully applicable if the amendment took away from him some benefits or made it more difficult for him to obtain them.

█ The fact that, in order to relieve him of some supposed stigma, a debtor is not called a bankrupt is wholly immaterial. The fact that the Court takes jurisdiction upon an order approving the petition as properly filed, rather than upon an order of technical adjudication, does not change the fundamental character of the bankruptcy laws. Other additions made by Sec. 74 are in the main procedural only.

I am of the opinion that Sec. 29 of the original Act is applicable to the offense charged against these defendants in this indictment.

The motion to quash is denied.